AARON D. FORD
  Attorney General
ALEXANDER J. SMITH (Bar No. 15484C)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada  89101
(702) 486-0661 (phone)
(702) 486-3773 (fax)
Email:  ajsmith@ag.nv.gov

*Attorneys for Benjamin Murphy and Martin Naughton*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM E. HARRIS,<br><br>  Plaintiff,<br><br> v.<br><br>H. WICKHAM, *et al.*,<br><br>  Defendants. | Case No. 3:20-cv-00557-MMD-WGC<br><br>**MOTION TO EXTEND BY FOURTEEN DAYS THE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 3)**<br><br>**(FIRST REQUEST)** |

Defendants, Benjamin Murphy and Martin Naughton, by and through counsel, Aaron D. Ford, Nevada Attorney General, Alexander J. Smith, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby move to extend by fourteen days the time to respond to respond to Plaintiff William E. Harris's motion for appointment of counsel (ECF No. 3).[1]

Harris sues (ECF No. 5) under the Eighth Amendment and moves (ECF No. 3) for the appointment of counsel. In support of his motion Harris states that he is legally blind and cannot investigate, gather medical records, research, read, or write. (ECF No. 3 at 4-5) A May 26, 2021 screening order (ECF No. 4) directs the Defendants to respond to Harris's motion within twenty-one days, and the response must "include[e] the relevant medical records (which may be filed under seal), and, if appropriate, a declaration by a person

---

[1] Which gives a new deadline of June 30, 2021.

within NDOC [Nevada Department of Corrections] with knowledge of Harris's medical condition." (ECF No. 4 at 11)

For the reasons below, namely that Defendants are in the process of trawling through a voluminous collection of medical records and obtaining medical declarations and other pertinent information that will assist the court in adjudicating Harris's motion, Defendants move for an extension of fourteen days to respond to Harris's motion for appointment of counsel.[2]

## I. LAW AND ARGUMENT

### A. Rule 6(b), Federal Rules Of Civil Procedure

Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Under Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.").

///

///

---

[2] Also, Defendants inform the court that they have complied with the court's order to "ensure that someone reads to Harris [the screening order][.]" (ECF No. 11 at 11) On June 8, 2021, counsel for the defendants received from Jasmine Barraza, Correctional Casework Specialist (CCS) in Unit One at Northern Nevada Correctional Center, an email stating that she met with Harris that same day for approximately twenty-five minutes. CCS Barraza read the screening order to Harris and provided him with a copy of the document. Harris was asked whether he had any questions and enquired about "any ADA opportunities," which, according to CCS Barraza, meant that he wanted to know about obtaining a job position or receiving meritorious days. Harris stated to CCS Barraza that he is "not completely blind" and "can see light, shadows, figures and stuff."

### B. Local Rule IA 6-1

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension.

### C. Good Cause Exists, Thus The Court Should Grant Defendants' Motion For An Extension Of The Response Deadline

Defendants are currently in the process of evaluating a full set of Harris's medical reports and other pertinent information to assess the extent and severity of any medical condition and disability that Harris might have. Such information will enable the court to arrive at a reasoned and well-informed decision whether Harris's motion for appointment of counsel warrants granting. To date, counsel for the defense has received information from John Keast BSN, RN, Director of Nursing Services 2, NDOC Regional Medical Facility, who has informed counsel for the defense that Harris's medical file states that Harris has bilateral blindness. Also, Defendants have recently received more than thirty separate files, each of which contain relevant medical records; some of these are written in handwriting that is difficult to understand.

Defendants need further time to extract and interpret relevant information and have an appropriately qualified doctor familiar with Harris and his condition review those records and provide a declaration. In responding to Harris's motion for appointment of counsel, Defendants will contend that on its own, vision-impairment does not necessarily warrant the appointment of counsel—the relevant legal test considers several factors.[3]

---

[3] A court will appoint counsel for an indigent civil litigant only if rare exceptional circumstances exist. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990). A finding of exceptional circumstances requires an evaluation of both the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved and the likelihood of success on the merits. *Terrell*, 935 F.2d at 1017.

Second, counsel for the defense has arranged a meet-and-confer with Harris to help assess whether NDOC can provide Harris with any reasonable accommodations—short of his having legal counsel—for the purpose of his prosecuting this action and thus helping secure his right of access to the courts. The meeting is scheduled for today, June 16th; counsel for the defense intends to enquire whether there are accommodations that NDOC can provide to assist Harris considering his alleged disability.

## II. CONCLUSION

For the reasons stated above, good cause exists to grant Defendants' motion for an extension of fourteen days to fully review Harris's extensive medical notes and have a suitably qualified nurse or physician provide a declaration on his medical condition. This will enable the court to assess the extent to which Harris's condition impedes his ability to prosecute his action and access the court, both important factors that the court will consider in deciding whether to grant Harris's motion for appointment of counsel.

In their opposition to Harris's motion, Defendants will update the court as to whether they can provide Harris with reasonable accommodations; such accommodations are relevant when deciding whether exceptional circumstances exist that warrant the appointment of counsel.

DATED this 16th day of June, 2021.

AARON D. FORD
Attorney General

/s/ Alexander J. Smith
ALEXANDER J. SMITH (Bar No. 15484C)
Deputy Attorney General

*Attorneys for Defendants*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** June 17, 2021

# CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on June 16, 2021, I electronically filed the foregoing **MOTION TO EXTEND BY FOURTEEN DAYS THE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 3) (FIRST REQUEST)** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

William Harris, #84785
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada  89701
Email:  nncclawlibrary@doc.nv.gov
*Plaintiff, Pro Se*

/s/ Carol A. Knight
CAROL A. KNIGHT, an employee of the
Office of the Nevada Attorney General