UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| WILLIAM E. HARRIS, | Case No. 3:20-cv-00557-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| H. WICKHAM, *et al.*, | |
| Defendants. | |

Plaintiff William Harris, who is incarcerated in the Northern Nevada Correctional Center ("NNCC"), brought a civil rights action under 28 U.S.C. § 1983 against multiple NNCC employees. (ECF Nos. 1-1, 4, 43.) Harris' remaining causes of action are Eighth Amendment deliberate indifference claims against Correctional Officer Benjamin Murphy, Dr. Carol Alley, Dr. Michael Naughton, Psychologist Lidia Gamarra-Hoff, Caseworker Sylvia Irvin, and Correctional Officer Candice Madeiros.[1] (ECF Nos. 4 at 6, 9; 43 at 6-8.) Harris filed a motion for partial summary judgment (ECF No. 90 ("Harris' Motion")), and Defendants later filed a cross-motion for partial summary judgment (ECF No. 91 ("Defendants' Motion")). Before the Court are the Report and Recommendations ("R&Rs") of United States Magistrate Judge Craig Denney, recommending that the Court deny Harris' Motion, grant Defendants' Motion as to Alley and Naughton, and deny Defendants' Motion as to Gamarra-Hoff. (ECF Nos. 107, 109.) To date, no parties have filed any objections to the R&Rs. (ECF No. 110 ("Harris' Notice of Non-Opposition to the R&Rs").) For the reasons explained below, the Court adopts the R&Rs in full.

Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328

---

[1]Defendant Madieros' name is spelled incorrectly on the docket and in filings. (ECF No. 100-3 ("Declaration of Candice Madieros").)

F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

## I.  HARRIS' PARTIAL MOTION FOR SUMMARY JUDGMENT

Harris brought an Eighth Amendment deliberate indifference claim alleging that correctional officers and his caseworker at NNCC failed to take remedial actions to address another inmate's threats of violence against Harris. (ECF Nos. 4 at 5-6; 43 at 6; 107 at 1-2.) That inmate then attacked Harris with a metal cane, inflicting blunt force trauma on his head, shoulders, and legs. (ECF Nos. 4 at 6; 43 at 5; 90 at 3-4.) Harris seeks partial summary judgment as to Defendants Murphy, Madeiros, and Irvin's liability for his injuries from the attack. (ECF Nos. 90 at 11; 107 at 2.)

Judge Denney concluded that there is a "genuine dispute of fact as to whether the Defendants knew of and disregarded a substantial risk" to Harris' safety. (ECF No. 107 at 8.) The parties disagree on whether Harris submitted kites which put Defendants on notice that another inmate was threatening Harris, how Defendants responded to any known threats against Harris, and whether Defendants were aware of the assailant's propensity for violence. (*Id.*; ECF Nos. 90 at 2-4, 6; 100 at 2-3.) As Harris has not shown that these are not genuine issues of material fact, Judge Denney recommends denying Harris' Motion. (ECF No. 107 at 9.) *See also* FED. R. CIV. P. 56(a). The Court is satisfied that Judge Denney did not clearly err and adopts his recommendation in full. Plaintiff's Motion is thus denied.

## II.  DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

Harris also brought two Eighth Amendment deliberate indifference claims arising from the care, or lack thereof, he received for physical injuries and mental health issues from the attack. (ECF Nos. 4 at 6-7; 43 at 7.) Harris alleges that, from being beaten with a metal cane, he sustained numerous injuries, including contusions to his eyes, bruised ribs, and blunt force trauma to his head. (*Id.* at 6; ECF No. 91 at 2.) A trained expert did

not examine the injuries to Harris' eyes and face until months after the attack.[2] (ECF Nos. 4 at 6; 109 at 8-9.) As a result, Harris now suffers from extreme pain and difficulty breathing, and he has been diagnosed as legally blind. (ECF Nos. 4 at 6; 43 at 7.) Harris also claims that the attack caused him to experience anxiety attacks and to have trouble sleeping. (ECF Nos. 4 at 7; 43 at 7.) Despite Harris' multiple requests to see a psychiatrist, there is no evidence that Harris has seen a mental health provider since he was evaluated on November 6, 2019.[3] (ECF Nos. 4 at 7; 43 at 6; 109 at 14-15.)

Defendants have moved for partial summary judgment on multiple grounds, alleging that (1) Alley, Gamarra-Hoff, and Naughton requested appointments with outside specialists for Harris in a timely manner; (2) Defendants are responsible only for their own actions, not the actions of outside providers or other NNCC medical personnel; and (3) Defendants are entitled to qualified immunity. (ECF No. 91 at 7-10.)

Judge Denney recommends that the Court grant Defendants' Motion as to the Eighth Amendment deliberate indifference claims against Alley and Naughton. (ECF No. 109 at 13.) Alley and Naughton timely made requests and referrals for Harris to be seen by specialists, and Harris has not presented evidence that his treatment was medically unacceptable or chosen in conscious disregard of the risks to his health. (*Id.* at 12-13.) Accordingly, Judge Denney found that there is no genuine dispute of material fact as to whether Alley and Naughton were deliberately indifferent to Harris' serious medical needs. (*Id.* at 13.)

However, Judge Denney recommends that Defendants' Motion be denied as to the claims against Gamarra-Hoff because there is a genuine dispute of fact regarding whether she was deliberately indifferent to Harris' mental health needs. (ECF No. 109 at 15.) Harris requested treatment for his allegedly deteriorating mental health following his evaluation on November 6, 2019, but there is no evidence that Gamarra-Hoff responded

---

[2]The Court incorporates by reference Judge Denney's recitation of the interactions between Harris and NNCC medical staff. (ECF No. 109 at 7-12.)

[3]The Court incorporates by reference Judge Denney's recitation of Harris' psychiatric treatment and requests for the same. (ECF No. 109 at 13-15.)

3

or that any mental health care providers saw him after that date. (*Id.*) Summary judgment is inappropriate as a result. (*Id.*) Judge Denney additionally found that Gamarra-Hoff is not entitled to qualified immunity, as a reasonable fact finder could conclude that she violated Harris' clearly established Eighth Amendment rights. (*Id.* at 15-16.) *See also Stewart v. Aranas*, 32 F.4th 1192, 1195 (9th Cir. 2022) ("A delay in treatment can violate the constitution if it results in injury.").

The Court is satisfied that Judge Denney did not clearly err and adopts his recommendations in full. Defendants' Motion is granted as to Alley and Naughton and denied as to Gamarra-Hoff.

### III.  CONCLUSION

The Court is satisfied that Judge Denney did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&Rs in full.

It is therefore ordered that Judge Denney's R&Rs (ECF Nos. 107, 109) are accepted and adopted in full.

It is further ordered that Plaintiff's motion for partial summary judgment (ECF No. 90) is denied.

It is further ordered that Defendants' motion for partial summary judgment (ECF No. 91) is granted as to Defendants Alley and Naughton and denied as to Defendant Gamarra-Hoff.

The Clerk of Court is further directed to update Defendant Candice Madieros' name on the docket.

DATED THIS 21st Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE